UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KENDRICK LAMONT CASEY                                                            PETITIONER

VERSUS                                           CIVIL ACTION NO.1:19-CV-718-HSO-RPM

SCOTT MIDDLEBROOKS                                                              RESPONDENT

### REPORT AND RECOMMENDATIONS

This matter is before the Court for consideration of Petitioner Kendrick Lamont Casey's ("Casey") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 on October 15, 2019. Doc. [1]. Petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate of the Mississippi Department of Corrections. Casey received a life sentence as a habitual offender following his convictions of aggravated assault and armed robbery. He appealed his convictions and sentences to the Mississippi Supreme Court raising two issues: (i) the trial court erred in denying Casey's motion for a continuance; and (ii) the trial court erred in not issuing subpoenas instanter for two witnesses whom Casey claimed were avoiding service of earlier subpoenas. Doc. [14-10]. On February 27, 2018, the Mississippi Court of Appeals affirmed Casey's convictions and sentences. Doc. [13-1].

In his petition, Casey states he "only argues one ground." Doc. [1], at 9. He asserts that he was denied the opportunity to properly defend himself at trial. Specifically, he alleges that the trial court denied his right to compulsory process by: (i) refusing to grant his requested continuance; and (ii) refusing to compel the presence of two witnesses at trial. Doc. [1], at 6. He asserts these witnesses would have provided a critical alibi. The trial court had previously granted four continuances to aid defense counsel's efforts to subpoena the witnesses. Doc. [13-1], at 2. Respondent argues Casey's claims are the same arguments raised before the Mississippi Court of

Appeals on direct appeal. Doc. [13], at 7. The undersigned agrees with Respondent; and finds the petition presents the same claims reviewed and adjudicated on the merits in the state courts. Doc. [13-1].

I.  APPLICABLE LAW

a.  Continuance Denial

Petitions to the federal courts for habeas review by state prisoners are made pursuant to 28 U.S.C. § 2254(d). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 govern the standard of review. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The revised act, 28 U.S.C. § 2254(d), provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state prisoner asserting claims in a federal habeas petition must first present those claims to the state court and exhaust state remedies. 28 U.S.C. § 2254(b). Here, it is undisputed that Casey exhausted his state court remedies. Doc. [13], at 5. A federal court may grant a writ of habeas corpus, with respect to claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 402–03 (2000).

Under the "unreasonable application" standard of review, federal courts should inquire whether the state court's application of clearly established federal law was objectively unreasonable. *Tucker v. Johnson*, 242 F.3d 617, 620–1 (5th Cir.2001). The Court considers all evidence in the light most favorable to the prosecution, while referring to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir.1995). As to questions of fact, federal habeas courts presume that state court factual findings are correct unless the findings are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See Knox v. Johnson*, 224 F.3d 470, 476 (5th Cir. 2000).

"To warrant federal habeas relief, the denial of the continuance must have been not only an abuse of discretion but also 'so arbitrary and fundamentally unfair' that it denied [the defendant] due process, that is, rendered his trial fundamentally unfair." *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988) (quoting *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. 1981)); *see also Scott v. Banks*, 2021 WL 4498637, at *12 (S.D. Miss. Sept. 30, 2021). Actual prejudice must be shown. *Hicks*, 633 F.2d at 1148. Thus, a defendant must show "a reasonable probability that the granting of a continuance would have permitted him to adduce evidence that would have altered the verdict." *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985).

The Fifth Circuit has described factors to consider when determining whether a trial court abused its discretion in denying a continuance motion:

> Among the factors we must consider in determining whether a trial court abused its discretion in denying a continuance motion are: the defense's diligence in interviewing and procuring the presence of the witnesses, the defense's estimation of the probability of procuring live testimony within a reasonable time, the specificity with which the defense is able to describe the expected testimony, the degree to which such testimony is expected to be favorable to the accused, and the unique or cumulative nature of the testimony.

*Johnson v. Puckett*, 176 F.3d 809, 822 (5th Cir. 1999) (citing *Hicks*, 633 F.2d at 1149)).

    b.  Subpoena Instanter Denial

Casey alleges that his right to compulsory process was violated when the trial court declined to issue subpoenas instanter for two witnesses on the morning of trial. The compulsory process right is not absolute. A defendant has the duty to demonstrate the necessity of the witness's testimony when requesting a court to subpoena a witness. *See United States v. Gonzales*, 79 F.3d 413, 424 (5th Cir.1996); *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (holding that a defendant cannot establish a violation of the constitutional right to compulsory process merely by showing that he was deprived of certain testimony but must make some plausible showing of how that testimony would have been both material and favorable to his defense); *United States v. Soape*, 169 F.3d 257, 268 (5th Cir. 1999). Also, complaints of uncalled witnesses are not favored in a federal habeas corpus case because, among other reasons, allegations of what a witness would have testified are largely speculative. *McCoy v. Cabana*, 794 F.2d 177, 183 (5th Cir. 1986).

  II.  DISCUSSION

As to the trial's court denial of an additional continuance, the undersigned concludes that the state court decisions were not an objectively unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Similarly, the undersigned finds that the state court adjudication did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented. The trial court previously granted Casey four continuances. The fourth continuance was granted after defense counsel stated that additional time was needed to serve subpoenas to alibi witnesses. Doc. [14-3], at 44–52. The trial court granted the continuance and extended the trial date another two months. *Id*. at 54. On the morning of trial, Casey sought a fifth continuance to further attempt service on those witnesses. Doc. [14-4], at 80–

4

81. The trial court denied the motion. The court noted that defense counsel made efforts to contact the witnesses, but ultimately it concluded that it had "already granted a lengthy continuance in the case." *Id*. at 93.

Although Casey states in his petition that the witnesses' testimony would have been "relevant and material" to his defense, he fails to provide any factual allegations indicating the necessity of the testimony. Doc. [1], at 6. He does not present any description of the expected testimony. In his reply, Casey asserts that the two potential witnesses "were involved to some degree in the events that transpired that evening." Doc. [21], at 6. He asserts that one witness was a cousin of the victim, and the other was friends with a co-defendant. *Id*. Nevertheless, Casey has not provided the undersigned any insight into the expected testimony these witnesses would provide. He does not submit any supporting documentation indicating the testimony would have been relevant and material. Also, the record indicates that defense counsel did act with some diligence as he procured an investigator. Doc. [14-3], at 48. However, the record also shows that counsel was given a months-long continuance but still sought additional time on the morning of trial. *Id*. at 54; Doc. [14-1], at 80.

It has been seven years since Casey's conviction. Yet, Casey fails to present any evidence showing the significance of these witnesses. Instead, he merely presents conclusory allegations. His vague allegations about the witnesses' connection to the underlying events does not explain why the testimony would have benefited his defense. Thus, the petitioner wholly fails to indicate what the nature of their testimony would have been and how it would have favored his defense. Consequently, Casey cannot show harm resulting from the trial court's denial of a continuance for the purpose of procuring the witnesses. *See Hicks*, 633 F.2d at 1149; *Boyle v. Lumpkin*, 2021 WL 1338856, at *8 (N.D. Tex. Apr. 9, 2021).

Similarly, Casey does not clarify why the fifth continuance would have had a greater probability of procuring live testimony. At trial, defense counsel informed the court that he believed the two witnesses were avoiding service. Doc. [14-4], at 85. While Casey asserts that the continuance would have led to obtaining alibi witnesses, he has failed to identify why the fifth continuance would have effectuated service. Casey provides no estimation of the probability that a fifth continuance would have resulted in the procurement of live testimony within a reasonable time. Rather, he simply asserts the past four continuances were "not prevailing" and a denial of the fifth was a denial of "his right to compulsory process." Doc. [1], at 7. Thus, the undersigned finds Casey has failed to show "a reasonable probability that the granting of a continuance would have permitted him to adduce evidence that would have altered the verdict." *Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985).

Moreover, the record indicates that the trial judge did not commit an abuse of discretion. According to the Fifth Circuit, "[w]hen a denial of a continuance forms a basis of a petition for a writ of habeas corpus, not only must there have been an abuse of discretion but it must have been so arbitrarily and fundamentally unfair that it violates constitutional principles of due process." *Hicks*, 633 F.2d at 1148. Casey was granted extensive time before trial to obtain these witnesses. Further, the final continuance was sought on the morning of trial after the jury was seated. Doc. [14-4], at 79–80. Given that Casey has failed to make a sufficient showing of an abuse of discretion, he certainly cannot demonstrate that the denial of a fifth continuance was so arbitrary and unfair as to violate constitutional principles of due process. *Davis v. Caskey*, 2011 WL 7973003, at *7 (S.D. Miss. Nov. 18, 2011) (citing *Johnson*, 176 F.3d at 822)).

Additionally, the state appellate court, whose findings of fact are entitled to a presumption of correctness in federal habeas proceedings, *see Cotton v. Lensing*, 32 F.3d 566, (5th Cir. 1994), did

not find an abuse of discretion. Doc. [13-1], at 4. The record does not indicate that reliance upon that presumption would be misplaced. Casey has not shown a denial of due process. *Id*. Accordingly, the undersigned finds that the court of appeals' decision was not contrary to and did not involve an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, habeas relief on this ground should be denied. *See Carter v. Kelly*, 2009 WL 6591446, at *9 (S.D. Miss. Sept. 11, 2009).

As to the court issued subpoenas, Casey argues that his right to compulsory process was violated when the trial court declined to issue subpoenas instanter for the two witnesses. In the lead up to trial, defense counsel did not raise this issue. Instead, defense counsel made the request on the morning of trial. Doc. [14-4], at 81. The trial court denied the motion reasoning, "there's been nothing brought before the court by way of motion prior to today to ask the court for assistance in serving these alleged witnesses." *Id*. at 93. The Mississippi Court of Appeals found no error on this ground. Doc. [13-1], at 5. The court reasoned:

> We find no Mississippi case that requires the trial court to issue subpoenas instanter to preserve the defendant's Sixth Amendment right to compulsory process, especially when the issue was addressed by the court for months. It is clear that the trial judge believed this matter should have been addressed at the fourth continuance, which occurred two months before the scheduled trial.

Doc. [13-1], at 5. Casey does not point to any authority and the undersigned has not found any clearly established law as set forth by the Supreme Court requiring a trial court to issue subpoenas instanter. Moreover, the Fifth Circuit has explained that complaints of uncalled witnesses are not favored in federal habeas actions. *Cabana*, 794 F.2d at 183.

As discussed above, Casey cannot establish a violation of the constitutional right to compulsory process because he has not made a plausible showing of how the expected testimony

7

would have been both material and favorable to his defense. *Soape*, 169 F.3d at 268; *Valenzuela–Bernal*, 458 U.S. at 867. Casey's mere allegation that the testimony would be material and relevant is insufficient to establish a violation of his compulsory process rights. Thus, habeas relief on this ground should be denied.

## **RECOMMENDATION**

The undersigned recommends that Petitioner Kendrick Lamont Casey's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 27th day of January 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE