IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENDRICK LAMONT CASEY**                                             **PETITIONER**

v.                                                          Civil No. 1:19cv718-HSO-RPM

**SCOTT MIDDLEBROOKS**                                              **RESPONDENT**

**<u>MEMORANDUM OPINION AND ORDER OVERRULING PETITIONER KENDRICK LAMONT CASEY'S OBJECTION [24] TO THE REPORT AND RECOMMENDATIONS [23] OF THE UNITED STATES MAGISTRATE JUDGE; ADOPTING THE REPORT AND RECOMMENDATIONS [23]; AND DISMISSING PETITIONER KENDRICK LAMONT CASEY'S PETITION [1] UNDER 28 U.S.C § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>**

      BEFORE THE COURT is the Report and Recommendations [23] of United States Magistrate Judge Robert P. Myers, Jr., which recommends dismissing Petitioner Kendrick Lamont Casey's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner has filed an Objection [24] to the Report and Recommendations [23]. After due consideration of the Report and Recommendations [23], the record, the parties' filings, and relevant legal authority, the Court finds that Petitioner's Objection [24] should be overruled, that the Report and Recommendations [23] should be adopted as the finding of the Court, and that Petitioner's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody should be dismissed with prejudice.

1

I. BACKGROUND

In September 2015, a jury in the Circuit Court of Harrison County, Mississippi, found Petitioner Kendrick Lamont Casey ("Petitioner" or "Casey") guilty of aggravated assault and armed robbery, and he was sentenced as a habitual offender to two life sentences without the possibility of parole or probation. State Court Record ("SCR") [14-2] at 39. On direct appeal, Casey raised two issues: (1) whether the state trial court erred in denying his request for a continuance; and (2) whether the state trial court denied his right to compulsory process by refusing to issue subpoenas instanter for two defense witnesses, Jessica Orr ("Orr") and Annette Newsome ("Newsome"). SCR [14-11] at 7-9, 17. After the Mississippi Court of Appeals affirmed his convictions and sentences, Casey petitioned the Mississippi Supreme Court for a writ of certiorari, *id.* at 7-9, 21, which was denied on November 1, 2018, SCR [14-11] at 3. On October 15, 2019, Casey filed in this Court the present Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, raising the same two grounds as those in his direct appeal. *See* Pet. [1] at 6.

A.  State court proceedings

On December 23, 2013, Casey and a co-defendant, Jonathan Young ("Young"), were indicted for one count of aggravated assault and one count of armed robbery arising from a shooting that occurred on the evening of February 5, 2013, in Harrison County, Mississippi. *Casey v. State*, 256 So. 3d 596, 597-98 (Miss. Ct. App. 2018) (en banc). The victim stated that he had been shot and robbed of prescription

drugs by a person in the backseat of a vehicle driven by Young. *Id.* at 598. Young identified Casey as the shooter and testified against him at trial in exchange for pleading guilty to a lesser offense of accessory after the fact. *Id.*

Prior to his eventual trial date, Casey obtained several continuances. *Id.* The initial continuances related to disputes over his representation and time needed for subsequent attorneys to prepare for trial. *Id.*; *see* SCR [14-1] at 32-35, 63; [14-3] at 13, 17-18, 23-24, 32. Casey was finally set for trial on July 14, 2015; however, on July 13, 2015, his attorney sought a fourth continuance. SCR [14-3] at 35-39, 51-52. As the basis for this continuance, defense counsel cited difficulties in locating and serving alibi witnesses, particularly Orr and Newsome. *Id.* at 46-49; *Casey*, 256 So. 3d at 598. According to defense counsel, Orr would testify that she was with Casey the entire evening, and Newsome would testify "that sometime between 10:30 and 11:00 pm she saw Jessica Orr, her daughter, and Kendrick Casey at her house." SCR [14-1] at 112. However, defense counsel stated that despite "do[ing] everything in due diligence to get these witnesses," he had been unable to serve them. *Casey*, 256 So. 3d at 598; SCR [14-3] at 48. The trial court granted another continuance, for two months, to provide time to locate and serve these witnesses. *Casey*, 256 So. 3d at 598.

Two months later, defense counsel was still unable to locate and serve Orr and Newsome. *Id.* At a September 9, 2015, hearing, about a week prior to the scheduled trial date, defense counsel stated that:

> Ms. Orr is not responding to anything that we have done to try to get her to come in to state where she was on that night with my client. . . . I

3

>have actually hired a private investigator as an officer of this court to go out to find her, and we still can't locate her. Judge, we believe we found her, but she – whenever she answers her phone or she says – we're looking for Jessica, she says it's not her and whatever. We've actually got now a subpoena to go out to her for court next week, and we have one of Mr. Casey's family members who knows what she looks like so we can insure [sic] that we serve her. She has become a hostile witness.

SCR [14-3] at 64.

By the start of trial on September 15, 2015, the defense still had not served Orr and Newsome. After the jury had been selected, defense counsel sought another continuance and the issuance of instanter warrants to require the witnesses' appearances. SCR [14-4] at 80-81, 90. The State objected, arguing that the motion was untimely and claiming that it had recorded telephone calls demonstrating that Orr and Newsome had been in contact with Casey and were cooperating with him. *Id.* at 87, 92. The trial court denied both the motion to continue and the request for instanter warrants, reasoning that, while the defense had made efforts to locate Orr and Newsome, it had already granted a long continuance for this very issue and defense counsel had not made any prior motion requesting court assistance in serving the witnesses. *Id.* at 92-93.

On appeal, the Mississippi Court of Appeals affirmed the trial court's decision. *Casey*, 256 So. 3d at 602. Regarding the denial of an additional continuance, the appeals court held that there was no abuse of discretion given the multiple prior continuances. *Id.* at 599. As for the subpoenas instanter, it found that "no manifest injustice ha[d] been demonstrated" because "[t]he trial judge did not arbitrarily refuse to issue the subpoenas instanter." *Id.* at 600-01. The Court of Appeals further noted:

4

> The trial court did not deny Casey's right to have compulsory process to obtain witnesses in his favor; instead, the trial court denied the request because this issue had been identified for months, and Casey's counsel previously had assured the court that they would appear. Then, with a two-month continuance, Casey's counsel did not ask the court to address this issue in advance but waited until after the jury was selected to bring it to the court's attention.

*Id.* at 601. The Mississippi Supreme Court denied certiorari on Casey's appeal without a written opinion. SCR [14-11] at 3.

B.   Casey's § 2254 petition [1]

After the denial of his petition for writ of certiorari, Casey filed the present Petition [1] in this Court, contending that the denial of a continuance and the subpoenas instanter deprived him of his rights to defend himself and to compulsory process. Pet. [1] at 6. Casey asserts that Orr and Newsome were alibi witnesses and that he had shown a need for their testimony in order to properly defend himself at trial. *Id.*

The State responds that Casey's Petition [1] should be denied because his claims were decided on the merits in the state courts, and he has not shown that those decisions were contrary to, or an unreasonable application of, clearly established federal law. Resp. [13] at 7-10. The State argues that the denial of Casey's request for a continuance was not arbitrary or fundamentally unfair in light of the numerous prior continuances he received, and that he "does not specifically identify how a continuance would have benefitted his defense, other than to make the vague allegation that these witnesses would have supported his alibi defense." *Id.* at 12-15. As for the subpoenas instanter, the State asserts that the trial court did not deny Casey's right to compulsory process because there was no evidence that

5

the witnesses could be found and would be available to testify without another lengthy trial delay, *id.* at 26-28, and any testimony offered by the witnesses would not have affected the jury's decision, *id.* at 28.

In reply, Casey argues that he has demonstrated a colorable need for Orr and Newsome's testimony, and that the trial court could have issued the subpoenas instanter without delaying trial. Reply [21] at 8.

On January 27, 2023, the Magistrate Judge entered a Report and Recommendations [23], recommending that Casey's petition be dismissed with prejudice. R. & R. [23] at 8. The Magistrate Judge found that the state court decisions were neither "an objectively unreasonable application of clearly established federal law as determined by the Supreme Court of the United States," nor were they "an unreasonable determination of the facts in light of the evidence presented." *Id.* at 4. Noting that Casey has not described the expected testimony that the witnesses would have provided, the Magistrate Judge determined that Casey has not plausibly shown that the testimony would have been material and favorable to his defense. *Id.* at 7-8. Moreover, given the previous continuances, including the fourth one to specifically locate and serve the witnesses at issue, the Magistrate Judge found that the trial court did not abuse its discretion by denying the request for a continuance. *Id.* at 5-7.

Casey has filed an Objection [24] to the Report and Recommendations [23], asserting that the witnesses were critical to his defense and that the trial court should have granted the request for subpoenas instanter in light of the statements

6

regarding the defense's unsuccessful efforts to locate and subpoena the witnesses. Obj. [24] at 1. He claims that the trial court did not consider whether the witnesses' testimony was material, relevant, and vital to his defense, *id.* at 10, and asserts that the late timing of the request for subpoenas instanter did not justify the trial court's denial of his request, *id.* at 10-11. Casey has not objected to or otherwise addressed the Magistrate Judge's recommendation regarding the denial of the continuance. The State has filed a Response [25] to Casey's Objections [24], arguing that this Court should adopt the Report and Recommendations [23].

## II. DISCUSSION

A.  Standard of review

Casey has not raised specific objections to the Report and Recommendations' [23] conclusions regarding the denial of the continuance. To the extent Petitioner does not object to these portions of the Report and Recommendations [23], the Court need not conduct a de novo review of them. 28 U.S.C. § 636(b)(1). Instead, the Court need only review the Report and Recommendations [23] to determine whether it is clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The Court has conducted this review and finds that the portion to which Petitioner does not object, including to the Report and Recommendations' [23] findings as to the trial court's denial of his motion for a continuance, is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendations [23] as to this ground, and this claim will be dismissed with prejudice.

Casey does object to the findings in the Report and Recommendations [23] that the denial of the request for subpoenas instanter did not violate his right to compulsory process, and that he has not shown that the witnesses were critical to his defense. *See generally* Obj. [24]. The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (holding that a party filing written objections is "entitled to a de novo review by an Article III judge as to those issues to which an objection is made"). A court is not required to make new findings of fact in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

B.  <u>Denial of subpoenas instanter</u>

The Court's review of Casey's habeas claim is governed by 28 U.S.C. § 2254. Pursuant to § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

8

A state court decision is "contrary to" Supreme Court precedent when it applies a rule that contradicts that precedent or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. To show an unreasonable application, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The Sixth Amendment to the United States Constitution, through the Due Process Clause of the Fourteenth Amendment, guarantees the right of a criminal defendant to have compulsory process to obtain witnesses in his favor. *Washington v. Texas*, 388 U.S. 14, 17-18 (1967). However, the right to compulsory process does not "grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses." *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). A witness's testimony must be "both material and favorable" to the defense. *Id.* While the right cannot be denied arbitrarily, *Washington*, 388 U.S. at 23, it "may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process," *Rock v. Arkansas*, 483 U.S. 44, 55 (1987) (quoting *Chambers*

*v. Mississippi*, 410 U.S. 284, 295 (1973)). These interests include the "integrity of the adversary process, . . . the interest in the fair and efficient administration of justice, and the potential prejudice to the truth-determining function of the trial process." *Taylor v. Illinois*, 484 U.S. 400, 414-15 (1988). Accordingly, in some circumstances, the trial court can preclude a defense witness from testifying without violating a defendant's right to compulsory process. *Id.* at 414-16.

The Mississippi Court of Appeals reasoned that the denial of Casey's request for subpoenas instanter for Orr and Newsome did not violate his right to compulsory process because "[t]he trial judge did not arbitrarily refuse to issue the subpoenas instanter." *Casey*, 256 So. 3d at 601. Instead, the trial court denied the request because the issues with obtaining Orr and Newsome's appearance were well-established, and Casey's counsel waited until after the jury had been chosen to seek subpoenas instanter, rather than bringing a motion during the previous two-month continuance. *Id.*

Casey asserts that this decision was unreasonable because his counsel had made several attempts to serve Orr and Newsome during the delay. Obj. [24] at 1. However, counsel's unsuccessful attempts to serve Orr and Newsome only further demonstrate that counsel was aware of the difficulties in obtaining testimony from those witnesses and yet never sought assistance from the trial court until after the jury was selected. Casey was given two months to secure the testimony of Orr and Newsome and did not seek subpoenas instanter during that time. Under these facts, fairminded jurists could find that the trial court's decision to deny the request was

10

not arbitrary, and instead gave proper weight to the important interest in the efficient administration of justice, especially given the previous evidence of intentional delay caused by Casey. *See Taylor*, 484 U.S. at 414-16; SCR [14-3] at 17-19, 32, 52-53.

Casey cites to a Fifth Circuit case, *United States v. Moudy*, 462 F.2d 694, 696-97 (5th Cir. 1972), which found that a trial court erred in denying a subpoena for a defense witness despite the request being made on the day before trial. However, *Moudy* is not "clearly established Federal law, as determined by the Supreme Court of the United States," and "any failure to apply that decision cannot independently authorize habeas relief." *Renico v. Lett*, 559 U.S. 766, 779 (2010); 28 U.S.C. § 2254(d).

Moreover, in *Moudy*, the defendant demonstrated that the witness at issue would testify that the defendant was legally insane at the time of the offense. 462 F.2d at 698. In contrast, in the several years following his arrest and convictions, Casey has provided only vague assertions as to how Orr and Newsome's testimony would have been favorable to his defense. *See* SCR [14-1] at 112; Pet. [1] at 6; Obj. [24] at 2. A petitioner's conclusory speculation as to a witness's potential testimony is generally insufficient to obtain habeas relief. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). While Casey contends that Orr and Newsome would have provided an alibi, he has acknowledged that Newsome could at most testify as to his whereabouts between 10:30 and 11:00 p.m., but the shooting occurred thirty to forty minutes later, *see* SCR [14-1] at 112; [14-4] at 133-34; [14-5] at 27, and

11

Casey has never established the location where either Newsome or Orr would testify that they had seen him, *see* SCR [14-1] at 112; *Sayre*, 238 F.3d at 635-36 (affirming the dismissal of a habeas petition where "there [was] no indication of where [the missing witnesses] would have said [the petitioner] was at the time of the offense"). With only speculation as to the potential testimony of Orr and Newsome along with the previous extensive pretrial delay to give Casey an opportunity to obtain their testimony, the state court was not unreasonable in determining that Casey's constitutional right to compulsory process was not violated. *See Sayre*, 238 F.3d at 635; *Taylor*, 484 U.S. at 414-16. Casey's Petition [1] must be denied. *See* 28 U.S.C. § 2254(d).

### III. CONCLUSION

To the extent the Court has not specifically addressed the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Kendrick Lamont Casey's Objection [24] to the Report and Recommendations [23] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendations [23] entered by United States Magistrate Judge Robert P. Myers, Jr., in this case on January 27, 2023, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Kendrick Lamont Casey's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 24th day of February, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE